# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**DAVID SANDERS**                                                                        **PLAINTIFF**

**v.**                                                   **No. 4:15CV6-SA-JMV**

**LT. WREN, ET AL.**                                                  **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of David Sanders, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. As detailed in a prior order, this case was inadvertently dismissed, then reinstated. Prior to the court's reinstatement of the case, Sanders filed a substantially identical pleading, which has been placed on the docket as a motion [11] for reconsideration. As the case has been reinstated, the court will treat the motion as an amendment to the original complaint and dismiss the pending motion. The claims in both pleadings are the same. Sanders alleges that the defendants violated his right to due process in finding him guilty of two Rule Violation Reports. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

## Allegations

The plaintiff David Sanders alleges that he was found guilty of the charges contained in two Rule Violation Reports, though he did not commit the infractions. In the first Rule Violation Report (# 01463332), dated May 17, 2014, Sanders was charged with assaulting two other inmates. He was found guilty of the infraction at a disciplinary hearing and punished by losing all privileges (canteen, telephone, and visits) for 30 days. In the second Rule Violation Report (# 01465001), dated July 8, 2014, Sanders was charged with attempting to buy pain medication from campers on the Natchez

Trace. He was found guilty of that infraction, as well; as a result, he was referred to an alcohol and drug treatment program and lost all privileges for 30 days.

### *Sandin*

Under the ruling in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), Sanders has not set forth a valid claim for violation of the Due Process Clause or any other constitutional protection. Though "[s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause, . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In *Sandin*, the discipline administered the prisoner was confinement in isolation. This discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. Therefore, neither the Due Process Clause itself nor State law or regulations gave rise to a liberty interest providing the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In the present case, the plaintiff's punishment was referral to an alcohol and drug treatment program and loss of privileges for 30 days. Such punishment clearly falls "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. As

such, the plaintiff's allegations regarding violation of his right to due process are without merit, and the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**SO ORDERED**, this, the 1st day of June, 2015.

                                                 /s/ Sharion Aycock
                                                 **U.S. DISTRICT JUDGE**